<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

AMEIKA TASHEIKA MULLINGS, :
: Civil Action No. 13-4111 (JLL)
Petitioner, :
:
v. :  **OPINION**
:
OSCAR AVILES, et al., :
:
Respondents. :

**APPEARANCES:**

**AMEIKA TASHEIKA MULLINGS**, Petitioner pro se
270899
LOC E-3-S
Hudson County Correctional Center
35 Hackensack Avenue
Kearny, N.J. 07032

**DAVID EDWARD DAUENHEIMER**, Counsel for Respondent
Office of the U.S. Attorney
970 Broad Street
Suite 700
Newark, N.J. 07102

**LINARES**, District Judge

Petitioner Ameika Tasheika Mullings ("Petitioner"), an immigration detainee presently confined at the Hudson County Correctional Center in Kearny, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241,[1] challenging her mandatory detention during her immigration removal proceedings. The sole respondent is Warden Oscar

---

[1] Section 2241 provides in relevant part: "(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions…(c) The writ of habeas corpus shall not extend to a prisoner unless … (3) He is in custody in violation of the Constitution or laws or treaties of the United States…."

Aviles. Based on a review of the petition, it is apparent to the Court that Petitioner is not entitled to the relief she seeks at this time. Accordingly, the Court will deny the petition.

## I. BACKGROUND

Petitioner is a native and citizen of Jamaica who was admitted to the United States on October 21, 1986 as a lawful permanent resident. (Pet. ¶ 9.) On February 1, 2008, Petitioner was convicted of robbery and eluding, and sentenced to four years in prison and three years of parole. (*Id.* at ¶ 17.) Petitioner was released from prison on March 25, 2011. (*Id.*) On May 2, 2013, Petitioner was detained by U.S. Immigration and Customs Enforcement ("ICE"). (*Id.* at ¶ 9.) On June 3, 2013, an immigration judge ordered Petitioner removed from the United States to Jamaica. (*Id.* at ¶ 19.) On June 12, 2013, Petitioner filed an appeal with the Board of Immigration Appeals ("BIA"). (*Id.*) On October 21, 2013, the BIA denied Petitioner's appeal. (Resp't's Supp. Answer 1, ECF No. 10.) Petitioner filed an appeal of the BIA's decision to the Third Circuit, which was ultimately dismissed. *Mullings v. Attorney Gen. United States*, Civil Action No. 13-4319 (3d Cir. Oct. 30, 2013).

On July 1, 2013, Petitioner filed the instant habeas petition challenging her mandatory pre-removal-order detention under 8 U.S.C. § 1226(c). (ECF No. 1.) On July 19, 2013, this Court ordered an answer to Petitioner's claim that she is not subject to mandatory detention under 8 U.S.C. § 1226(c) because she has a substantial challenge to her removal. (ECF No. 2.) Respondent filed an answer (ECF No. 6) and Petitioner replied (ECF Nos. 7-8.) On December 5, 2013, this Court entered an order for a supplemental answer regarding Petitioner's current custody status (ECF No. 9), which Respondent submitted on December 6, 2013. (ECF Nos. 10-11). Petitioner replied on December 20, 2013. (ECF No. 12.)

## II. DISCUSSION

2

**A. Legal Standard**

Federal law sets forth the authority of the Attorney General to detain aliens in removal proceedings, both before and after issuance of a final order of removal.

Title 8 U.S.C. § 1226 governs the pre-removal-order detention of an alien. Section 1226(a) authorizes the Attorney General to arrest, and to detain or release, an alien, pending a decision on whether the alien is to be removed from the United States, except as provided in Subsection (c). Section 1226(a) provides, in relevant part:

> (a) Arrest, detention, and release
>
> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) of this section and pending such decision, the Attorney General-
>
> (1) may continue to detain the arrested alien; and
>
> (2) may release the alien on-
>
> (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or
>
> (B) conditional parole; ...

8 U.S.C. § 1226(a).

Certain criminal aliens, however, are subject to mandatory detention pending the outcome of removal proceedings, pursuant to 8 U.S.C. § 1226(c)(1), which provides in relevant part:

> The Attorney General shall take into custody any alien who—
>
> (A) is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title,
>
> (B) is deportable by reason of having committed any offense covered in Section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title,

> (C) is deportable under section 1227(a)(2)(A)(i) of this title on the basis of an offense for which the alien has been sentence[d] to a term of imprisonment of at least 1 year, or
>
> (D) is inadmissible under section 1182(a)(3)(B) of this title or deportable under section 1227(a)(4)(B) of this title,
>
> when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.

8 U.S.C. § 1226(c)(1).

"Post-removal order" detention is governed by 8 U.S.C. § 1231(a). Section 1231(a)(1) requires the Attorney General to attempt to effectuate removal within a 90–day "removal period." The removal period begins on the latest of the following:

> (i) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B). "An order of removal made by the immigration judge at the conclusion of proceedings ... shall become final ... [u]pon dismissal of an appeal by the Board of Immigration Appeals." 8 C.F.R. § 1241.1(a). During the removal period, "the Attorney General shall detain the alien." 8 U.S.C. § 1231(a) (2). Section 1231(a)(6) permits continued detention if removal is not effected within 90 days. However, the Supreme Court has held that such post-removal-order detention is subject to a temporal reasonableness standard. Specifically, once a presumptively-reasonable six-month period of post-removal-order detention has passed, a detained alien must be released if he can establish that his removal is not reasonably foreseeable. *See Clark v. Martinez*, 543 U.S. 371 (2005); *Zadvydas v. Davis*, 533 U.S. 678 (2001).

4

**B. Analysis**

Here, Petitioner became subject to a final order of removal on October 21, 2013, during the pendency of this matter, when the BIA dismissed her appeal. As of that date, Petitioner's detention ended under the pre-removal-order detention statute, 8 U.S.C. § 1226, and she became detained under the post-removal-order detention statute, 8 U.S.C. § 1231.[2]

Because Petitioner is no longer detained pursuant to § 1226, as she was at the time she filed this Petition, there is no longer a live "case or controversy" regarding Petitioner's pre-removal-order detention, *see* U.S. Constitution, Article III, and the petition will be dismissed as moot. *See Rodney v. Mukasey*, 340 F. App'x 761 (3d Cir. 2009); *De La Teja v. United States*, 321 F.3d 1357, 1361–63 (11th Cir. 2003); *Reyna v. Hendricks*, Civil No. 12–2665(JLL), 2012 WL 6697464 (D.N.J. Dec. 21, 2012).[3]

To the extent Petitioner also intended to raise a challenge under § 1231 in her petition, said claim is denied as premature. As noted above, § 1231(a)(2) requires the detention of aliens during the 90–day removal period and permits detention thereafter up to a presumptively-reasonable six-month period. *See Zadvydas*, 533 U.S. at 678. Once the presumptively reasonable six-month period of post-removal-order detention has passed, a detained alien must be released if she can establish that her removal is not reasonably foreseeable. That is, the alien bears the initial burden of establishing that there is "good reason to believe that there is no significant likelihood of

---

[2] Contrary to Petitioner's argument in her supplemental reply (ECF No. 12), the Court of Appeals denied Petitioner's request for a stay. *Mullings v. Attorney Gen. United States*, Civil Action No. 13-4319 (3d Cir. Dec. 4, 2013).

[3] As noted by the Court of Appeals for the Eleventh Circuit in *De La Teja*, 321 F.3d at 1363, because Petitioner is now subject to a final order of removal, she will not be subject to pre-removal-order detention in the future, so the narrow exception for cases that are capable of repetition yet evading review cannot apply here.

5

removal in the reasonably foreseeable future," after which the government must come forward with evidence to rebut that showing. *Zadvydas*, 533 U.S. at 699–701. There is no absolute entitlement to release at the end of the six-month presumptively-reasonable removal period.

Here, Petitioner was not detained under § 1231 at the time she filed the Petition, and she has been detained under § 1231 less than the presumptively-reasonable six-month period at this time. As noted, she began her post-removal-order detention on October 21, 2013. To state a claim under *Zadvydas*, the six-month presumptively reasonable removal period must have expired at the time the Petition is filed; any earlier challenge to post-removal-order detention is premature and subject to dismissal. *See, e.g., Rodney*, 340 F. App'x at 764–65; *Akinwale v. Ashcroft*, 287 F.3d 1050, 1051 (11th Cir. 2002). Such dismissal is, of course, without prejudice to any claim Petitioner may have cause to assert should her future post-removal-order detention become unconstitutionally prolonged.

## III. CONCLUSION

For the reasons set forth above, Petitioner's challenge to her pre-removal-order detention will be dismissed as moot and her challenge to her post-removal-order detention will be dismissed without prejudice as premature. An appropriate order follows.

Dated: March 25, 2014

JOSE L. LINARES
United States District Judge